UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MICHAEL CASEY, ET AL. | CIVIL ACTION NO.: 18-CV-00947 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| BH MANAGEMENT SERVICES INC., ET AL. | MAGISTRATE JUDGE HAYES |

## MEMORANDUM ORDER

Now before the Court is a Motion to Dismiss for Failure to State a Claim Upon Which Relief can be Granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by Gemini Insurance Company ("Gemini"). [Record Document 21]. Gemini seeks to dismiss a third-party complaint filed against it by BH Management Services, L.L.C. ("BHM")[1] and Great American E&S Insurance Company ("Great American"). [Record Document 19]. This motion is opposed. [Record Document 27]. The parties are ordered to submit additional briefing to the Court on the issues discussed below by **Tuesday, September 3, 2019**. The Court will rule on Gemini's motion after the parties' briefs have been submitted.

I.  **FACTUAL BACKGROUND**

This case arises out of claims by Michael and Velma Casey ("the Caseys") that they suffered personal injuries after being exposed to carbon monoxide while they were living in an apartment complex owned by BHM. Record Document 1, ¶ 1. The Caseys allege that BHM failed to properly repair a broken water heater in the laundry room of their apartment complex, which caused them to suffer "extreme carbon monoxide poisoning" on August 8, 2017. Record Document

---

[1] BH Management Services, L.L.C. was improperly named as "BH Management Services, Inc." when this suit was first filed. Record Document 19, p. 1.

1

30, ¶s 8–11. The Caseys filed suit in the 26th Judicial District Court for the Parish of Bossier, Louisiana, against BHM and its liability insurer, Great American, on June 12, 2018. Record Document 1, ¶ 1. BHM removed the case to this Court on July 18, 2018. *See* Record Document 1.

On November 2, 2018, BHM and Great American (together, "third-party Plaintiffs") filed a third-party complaint against Affiliated Associates, Inc. d/b/a Affiliated Roofing Commercial, Inc. ("Affiliated") and Gemini. Record Document 19. The third-party Plaintiffs claim that BHM and Affiliated executed a Vendor Service Agreement in August of 2016 in which Affiliated agreed to replace the roof of the Caseys' apartment complex and to replace the roof vents as needed. *Id.* at ¶s 4–6. During this repair work, Affiliated allegedly dislodged a vent pipe that was attached to the hot water heater in the boiler room and disrupted the normal venting of carbon monoxide, which caused the Caseys' injuries. *Id.* at ¶s 7–9. The third-party Plaintiffs assert that the Vendor Service Agreement contained a clause in which Affiliated agreed to "indemnify, hold harmless, and defend" BHM for all claims arising out of bodily injuries caused by a negligent act or omission on the part of Affiliated. *Id.* at ¶ 10. Finally, the third-party Plaintiffs allege that Gemini was Affiliated's liability insurer when the Caseys' injuries occurred. *Id.* at ¶ 11. Based on these facts, the third-party Plaintiffs claim that Affiliated should be liable to them for any damages awarded to the Caseys. *Id.* at 3. Gemini filed the instant motion to dismiss pursuant to Rule 12(b)(6) in response to the third-party complaint. *See* Record Document 21.

## II. LAW AND ANALYSIS

### A. 12(b)(6) Standard

In order to survive a motion to dismiss brought under Rule 12(b)(6), a plaintiff must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The court must accept as true all of the factual allegations in the complaint in determining whether a plaintiff has stated a plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). If a complaint cannot meet this standard, it may be dismissed for failure to state a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678–79. A court does not evaluate a plaintiff's likelihood for success, but instead determines whether plaintiff has pleaded a legally cognizable claim. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A dismissal under 12(b)(6) ends the case "at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

**B.    Applicable Law**

Third-party complaints, such as the one filed in this case, are governed by Federal Rule of Civil Procedure 14. Rule 14 enables a defendant in a federal civil action to "serve a summons and complaint on a nonparty who is or may be liable for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "The secondary or derivative liability notion is central and thus impleader has been successfully utilized when the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory." *Martco Ltd. P'ship v. Bruks Inc.*, 430 F. App'x 332, 334 (5th Cir. 2011) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1446, at 415–21 (3d ed. 2010)). An impleader claim can only be brought when a right to relief exists under the applicable substantive law. *Id.* at 335. Finally, an impleader claim is only available where the liability of the third-party defendant is

contingent upon the outcome of the main claim. *Mitchell v. Hood*, 614 F. App'x 137, 140 (5th Cir. 2015).

### C. <u>Arguments of the Parties</u>

Gemini claims that the complaint fails to state a cause of action against it and does not establish that Great American is entitled to relief. Record Document 21-1, pp. 3–4. Gemini asserts that the third-party Plaintiffs fail to allege facts showing that they have a right of action against it either in contract or under the Louisiana Direct Action Statute, Louisiana Revised Statutes § 22:1269. *Id.* at 5.

The third-party Plaintiffs argue that their complaint against Gemini is properly brought under Federal Rule of Civil Procedure 14. Record Document 27, p. 3. They allege that Gemini will be solidarily liable with Affiliated for any part of the Caseys' damages attributable to Affiliated, up to the limits of Affiliated's policy. *Id.* They assert that Gemini's claim that the complaint should be dismissed because it does not establish a right of action in contract or under the Direct Action Statute is based on a misconception of their arguments. *Id.* at 3–4. The third-party Plaintiffs also state that the complaint outlines why Great American is entitled to relief and pleads sufficient facts against Gemini to survive dismissal under Rule 12(b)(6). *Id.* at 4–5.

### D. <u>Analysis</u>

#### 1. <u>The complaint states a cause of action against Gemini</u>

The complaint alleges that Gemini "had in force and effect with Affiliated a commercial general liability policy that provides coverage for the damages Plaintiffs complain of in this suit." Record Document 19, ¶ 11. Gemini claims that under Louisiana law, a plaintiff bears the burden of proving both the existence of an insurance policy and coverage under that policy. Record

Document 21-1, p. 3. Gemini argues that the complaint should be dismissed because it does not identify an insurance policy or show that the instant claim is covered by that policy. *Id.*

The standard for determining whether a complaint can survive a motion to dismiss under Rule 12(b)(6) is whether the plaintiff has stated a plausible claim to relief when all of the factual allegations in the complaint are accepted as true. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. A plaintiff is not required to provide proof to support his claims at this stage of litigation. The third-party Plaintiffs' assertion that Affiliated, Gemini's alleged insured, caused the Caseys' injuries is sufficient to state a claim upon which relief can be granted.[2]

2. <u>The third-party complaint shows that Great American is entitled to relief</u>

Gemini asserts that the complaint does not establish that Great American is entitled to relief from any party. Record Document 21-1, p. 4. This argument appears to be based on the fact that the complaint does not explicitly identify Great American as BHM's insurer. *Id.* Gemini also states that the complaint is insufficient because it does not allege that any policy Great American issued to BHM covers the damages claimed by the Caseys or that Great American has paid out any amounts on behalf of BHM. *Id.*

The Court rejects these arguments for several reasons. First, Great American is not required to show that it has made payments on the claim that is the subject of the instant lawsuit in order to

---

[2] In support of its contention that the complaint should be dismissed, Gemini states that under Louisiana law "a plaintiff bears the initial burden of proving (1) the existence of the policy and (2) coverage under the policy." Record Document 21-1, p. 3 (citing *Tunstall v. Stierwald*, 2001-1765 (La. 2/26/02), 809 So. 2d 916, 921). The Court notes that *Tunstall* states: "[i]n an action under an insurance contract, the *insured* bears the burden of proving the existence of the policy and coverage." 809 So. 2d at 921 (emphasis added). As the third-party Plaintiffs point out in their opposition, they are not insureds seeking coverage under an insurance policy issued by Gemini. Record Document 27, p. 3. Therefore, the burden of proof that Gemini attempts to rely on is inapplicable to this case.

5

lodge a third-party complaint against Gemini. Second, as the third-party Plaintiffs point out, the third paragraph of their answer to the Caseys' complaint admits that Great American had a policy in force in favor of BHM on the date of the alleged incident. *See* Record Document 5, ¶ 3; Record Document 27, p. 5. Third, the complaint states simply that "[BHM] and [Great American] file this Third Party Complaint against [Affiliated] and [Gemini]." Record Document 19, p. 1. Based on this statement, the Court finds that Great American's role in this case was clear from the information contained in the complaint. The third-party Plaintiffs' failure to explicitly identify Great American as Affiliated's insurer in that complaint does not warrant the dismissal of Great American's claim.

    3. <u>The third-party Plaintiffs do not have a right of action against Gemini under the Direct Action Statute</u>

Gemini argues that the third-party Plaintiffs cannot assert a claim against it under the Direct Action Statute because the statute was enacted to benefit tort victims and does not allow contract-based claims to be asserted against an insurer. Record Document 21-1, p. 5. The Louisiana Direct Action Statute allows a tort victim to proceed directly against a tortfeasor's insurer or against the tortfeasor and his insurer jointly and *in solido*. La. Stat. Ann. § 22:1269. Gemini claims that because the third-party Plaintiffs' right of action against Affiliated is based in contract and not tort, the Direct Action Statute does not allow them to sue Gemini as Affiliated's insurer. *Id.* at 6. Gemini is correct in that the Louisiana Direct Action Statute provides for a cause of action by an injured person against the insurer of the alleged tortfeasor under Louisiana law. In this case, the cause of action against Gemini is asserted by the alleged tortfeasor and its insurer for indemnity for any amounts for which the original defendant and its insurer (the third-party Plaintiffs) may be held responsible. As discussed below, no party addresses whether the Direct Action Statute is applicable under this set of facts in the briefs before the Court.

4. <u>The Court lacks sufficient information to determine whether the third-party Plaintiffs have a right of action against Gemini</u>

The Court acknowledges that Rule 14 provides a procedural right of action for the third-party Plaintiffs' claims against Affiliated based on the indemnity clause in the Vendors Service Agreement. *See Bewley Furniture Co. v. Md. Cas. Co.*, 285 So. 2d 216, 219 (La. 1973)); *Nassif v. Sunrise Homes, Inc.*, 98-3193 (La. 6/29/99); 739 So. 2d 183, 185. However, the claims against Affiliated are not at issue in the instant motion. As stated previously, a Rule 14 claim is only proper when a right to relief exists under the applicable substantive law and where the liability of the third-party defendant is contingent upon the outcome of the main claim. *Martco*, 430 F. App'x at 335; *Mitchell*, 614 F. App'x at 140. Because this is a diversity case, the Court must determine whether the third-party Plaintiffs' claims against Gemini have a substantive basis in Louisiana law. *Martco*, 430 F. App'x at 335.

The Court finds that the parties' briefs do not adequately address whether a right of action exists under Louisiana law against the insurer of a defendant in a lawsuit based on an indemnity clause. Neither side provides any legal basis or authority in support of its position. As Affiliated's alleged commercial general liability insurer, Gemini may eventually be liable for all or part of any damages awarded to the Caseys and against the third-party Plaintiffs. However, the third-party Plaintiffs have not established that suit can be brought directly against Gemini under Louisiana law. Gemini has also failed to provide the Court with any legal authority stating that Louisiana law does not allow the third-party Plaintiffs to proceed directly against it.[3] Therefore, the Court orders

---

[3] Gemini merely states that the third-party Plaintiffs do not have a right of action against it because they do not have a right of action in contract or under the Direct Action Statute. Record Document 21-1, p. 5.

the parties to submit briefs, no longer than ten pages, addressing only whether the third-party Plaintiffs have a right of action against Gemini by **Tuesday, September 3, 2019**.

## III. CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** that the third-party Plaintiffs and Gemini shall submit additional briefing to the Court on the specified issues by **Tuesday, September 3, 2019**. The Court will rule on Gemini's motion to dismiss after the briefs have been submitted.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this _____ day of August, 2019.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE