UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MICHAEL CASEY, ET AL. | CIVIL ACTION NO. 18-947 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| BH MANAGEMENT SERVICES INC., ET AL. | MAGISTRATE JUDGE HAYES |

**MEMORANDUM ORDER**

Now before the Court is a Motion for Summary Judgment filed by third-party Defendant Affiliated Associates, Inc. d/b/a Affiliated Roofing Commercial, Inc. ("Affiliated"), pursuant to Federal Rule of Civil Procedure 56. [Record Document 70]. In response, Plaintiffs Michael and Velma Casey ("Plaintiffs") and Defendant BH Management Services, Inc. ("BHM") filed oppositions requesting additional time for further discovery, pursuant to Rule 56(d). [Record Documents 77 & 79]. Affiliated filed a reply to both oppositions. [Record Document 80]. BHM subsequently filed a supplemental opposition containing a motion for further discovery, pursuant to Rule 56(d). [Record Document 83]. Plaintiffs and BHM later filed supplemental oppositions after conducting further discovery. [Record Documents 92 & 99]. At the Court's instruction, Plaintiffs and BHM filed responses into the record outlining the remaining discovery in this matter. [Record Documents 95 & 102].

Gemini Insurance Co. ("Gemini"), Affiliated's insurer, filed a motion to join Affiliated's motion for summary judgment. [Record Document 85]. The Court treated the motion to join as a separate motion for summary judgment. [Record Document 86]. Plaintiffs and BHM opposed Gemini's motion based on the need for further discovery pursuant to Rule 56(d). [Record Documents 87 & 89]. Gemini filed a reply to both oppositions. [Record Documents 96 & 101]. For

1

the reasons discussed below, BHM's motion for further discovery pursuant to Rule 56(d) [Record Document 83] is hereby **DENIED AS MOOT** without prejudice to its right to refile. The motions for summary judgment [Record Documents 70 & 85] filed by Affiliated and Gemini are hereby **DENIED** without prejudice to their right to refile.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(d) provides that:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Rule 56(d) discovery motions are intended to safeguard nonmovants "from summary judgment motions that they cannot adequately oppose" and are therefore "broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). However, a nonmovant may not "simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *SEC v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir. 1980). A non-movant must present "specific facts explaining the inability to make a substantive response as required by Rule 56(e)" and specifically demonstrate "'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" *Id.* (quoting *Willmar Poultry Co. v. Morton-Norwich Prods., Inc.*, 520 F.2d 289, 297 (8th Cir. 1975), *cert. denied*, 424 U.S. 915 (1976)). This is especially true where "ample time and opportunities for discovery have already lapsed." *Id.*

## ANALYSIS

The Court finds that Plaintiffs and BHM are entitled to additional time to conduct discovery pursuant to Rule 56(d) because they both provided "specific facts explaining the inability to make a substantive response" to the motions for summary judgment and because there is nothing in the record to suggest that they were not diligent in pursuing discovery. *Spence & Green Chem. Co.*, 612 F.2d at 901; *see* Record Documents 77, p. 4 & 83-2, pp. 3–5. Although the additional discovery requested by BHM and Plaintiffs may already be complete,[1] the Court finds that the summary judgment motions filed by Affiliated and Gemini should be refiled. The Court anticipates that Plaintiffs and BHM will seek to supplement their oppositions to Affiliated's motion a second time to include the information gained from the recent depositions conducted since their first supplemental oppositions were filed. Thus, the arguments and evidence against Affiliated's motion will be spread out over two sets of three separate filings: the original oppositions, the first supplemental oppositions, and now the second supplemental oppositions. A second supplemental opposition will also entitle Affiliated to file an additional reply, meaning that Affiliated's arguments in response to the oppositions will also be spread out over three documents. Plaintiffs and BHM may also seek to supplement their oppositions to Gemini's motion for summary judgment, which would in turn entitle Gemini to file another reply, making the record even more voluminous.

The Court is concerned that the quality and cohesiveness of the parties' arguments will be negatively impacted by existing in piecemeal filings dispersed throughout various documents drafted at several different points in time. Plaintiffs and BHM should have the opportunity to

---

[1] The current discovery deadline has been extended from July 13, 2020, to August 3, 2020. Record Document 106. In the motion requesting this extension, the parties stated that "the discovery to be obtained during the extension will not materially impact the Court's decision on [the] pending motions." Record Document 103, p. 3. Thus, it appears to the Court that the parties have likely completed all discovery relevant to the instant motions filed by Affiliated and Gemini.

compose their oppositions with the benefit of all the facts and discovery to which they were entitled. Additionally, the number of documents and their various attachments that have been generated in connection with Affiliated's initial motion has made the summary judgment record unwieldy and difficult to navigate. For those reasons, Affiliated's and Gemini's motions for summary judgment [Record Documents 70 & 85] are hereby **DENIED** without prejudice to their right to refile. BHM's motion for further discovery pursuant to Rule 56(d) [Record Document 83] is hereby **DENIED AS MOOT** without prejudice to its right to refile.

## CONCLUSION

For the reasons discussed above, BHM's motion for further discovery pursuant to Rule 56(d) [Record Document 83] is hereby **DENIED AS MOOT** without prejudice to its right to refile.

The motions for summary judgment [Record Documents 70 & 85] filed by Affiliated and Gemini are hereby **DENIED** without prejudice to their right to refile.

**THUS DONE AND SIGNED** this 23rd day of July, 2020.

_____
ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE