UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MICHAEL CASEY, ET AL.                     CIVIL ACTION NO. 18-947

VERSUS                                    JUDGE ELIZABETH E. FOOTE

BH MANAGEMENT SERVICES INC., ET AL.       MAG. JUDGE KAYLA D. MCCLUSKY

## MEMORANDUM ORDER

Now before the Court is an appeal of the Magistrate Judge's order and a motion to remand. Record Documents 161 & 174. For the reasons discussed below, the Magistrate Judge's order [Record Document 174] is **AFFIRMED** and the motion to remand [Record Document 161] is **GRANTED**. This case is hereby **REMANDED** to the 26th Judicial District Court in Bossier Parish, Louisiana, where it was pending as suit number C-156477.

## BACKGROUND

Plaintiffs Michael Casey and Velma Casey ("Plaintiffs") filed this suit in Louisiana state court for alleged injuries arising from exposure to carbon monoxide at the St. Charles Place Apartments in Bossier City, Louisiana. Record Document 1-2, p. 2. Initially, Plaintiffs named BH Management Services, LLC ("BH Management") and its insurer, Great American E&S Insurance Company ("Great American"), as Defendants, asserting that BH Management owned the apartment complex where Plaintiffs were injured. *Id.* On July 18, 2018, BH Management removed this matter to this Court based solely on diversity jurisdiction. Record Document 1. BH Management and Great American proceeded to file third-party complaints against Affiliated Associates Inc. ("Affiliated Associates") and its insurer, Gemini Insurance Company ("Gemini"). Record Document 19. In response, Plaintiffs filed an amended complaint, naming Affiliated Associates and Gemini as

1

Defendants for allegedly faulty roofing work that potentially caused Plaintiffs' injuries. Record Document 30.

On December 11, 2020, Plaintiffs filed an unopposed motion for leave to file a third amended complaint in which they named Lane Mays Plumbing L.L.C. ("Lane Mays") as a Defendant. Record Document 126. In the motion, Plaintiffs stated that the addition of Lane Mays would destroy complete diversity because Lane Mays and Plaintiffs are both Louisiana residents. Record Document 126-1, p. 1. Considering that the motion was unopposed, the Magistrate Judge[1] granted the motion for leave on December 14, 2020. Record Document 127. After Plaintiffs' complaint was amended and Lane Mays was added as a Defendant, Plaintiffs filed a motion to remand on March 4, 2021. Record Document 161. In response, Affiliated Associates and Gemini filed a motion to reconsider/vacate the order of the Magistrate Judge, which granted Plaintiffs' motion to add Lane Mays as a non-diverse Defendant. Record Document 163.

On April 22, 2021, the Magistrate Judge[2] denied Affiliated Associates's and Gemini's motion to reconsider/vacate. Record Document 172. Now, Affiliated Associates and Gemini have appealed the order of the Magistrate Judge, which denied their joint motion to vacate, in an attempt to prevent remand due to the destruction of complete diversity. The Court shall address the appeal and the motion to remand in the same order because the resolution of the appeal directly impacts the outcome of the motion to remand.

---

[1] The Court notes that Magistrate Judge Karen Hayes issued this order.
[2] The Court notes that Magistrate Judge Kayla McClusky issued this order.

## LAW & ANALYSIS

I. **Appeal of the Magistrate Judge's Order**

Previously, Affiliated Associates and Gemini filed a joint motion to reconsider/vacate the order of the Magistrate Judge, which granted Plaintiffs' unopposed motion for leave to add Lane Mays as a non-diverse Defendant. In their motion, Affiliated Associates and Gemini argued that at the time they consented to the motion for leave, they did not realize that the addition of Lane Mays would destroy diversity. Upon seeing the motion to remand, Affiliated Associates and Gemini stated that they would not have consented if they knew that the addition of Lane Mays would destroy diversity jurisdiction. Further, Affiliated Associates and Gemini stated that the court erred by failing to conduct an in-depth analysis pursuant to *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987). The Magistrate Judge rejected the motion to vacate and stated that the court did not need to conduct a *Hensgens* analysis because Affiliated Associates and Gemini consented to the amendment. Further, the Magistrate Judge held that even considering the *Hensgens* factors, the court would still have granted leave for Plaintiffs to amend the complaint to add Lane Mays. For the following reasons, the Magistrate Judge's order is **AFFIRMED**.

Under the Federal Magistrate Act, a magistrate judge may issue binding rulings on non-dispositive matters. 28 U.S.C. § 636(b)(1)(A). A party that objects to such a ruling may appeal to the district judge who "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Federal law affords the magistrate judge broad discretion in the resolution of non-dispositive matters. *See id.* Under this deferential standard, a magistrate judge's decision must be affirmed unless "on the entire evidence [the Court] is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). A clear error standard applies to a magistrate judge's

findings of fact, while legal conclusions are reviewed *de novo*. *See Spillers v. Chevron USA Inc.*, No. 11-2163, 2013 WL 869387, at *3 (W.D. La. Mar. 6, 2013) (citing *Choate v. State Farm Lloyds*, No. 03-2111, 2005 WL 1109432, at *1 (N.D. Tex. May 5, 2005)). Hence, reversal of a factual finding is improper whenever the "magistrate judge's 'account of the evidence is plausible in light of the record viewed in its entirety.'" *Smith v. Smith*, 154 F.R.D. 661, 665 (N.D. Tex. 1994) (quoting *Resolution Tr. Corp. v. Sands*, 151 F.R.D. 616, 619 (N.D. Tex. 1993)).

Having reviewed Affiliated Associates's and Gemini's joint motion, the Magistrate Judge's order, and the arguments on appeal, this Court cannot conclude that the Magistrate Judge's ruling was clearly erroneous or contrary to law. The Magistrate Judge correctly noted that Affiliated Associates and Gemini consented to the motion for leave to add Lane Mays at the time the motion was granted. More importantly, the Court finds the Magistrate Judge's *Hensgens* analysis to be correct and that leave to amend would have been granted even considering the *Hensgens* factors.

Courts weigh four factors under *Hensgens*: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *See Hensgens*, 833 F.2d at 1182. The Magistrate Judge concluded that the first, third, and fourth factors weighed in favor of granting the amendment, but the second factor weighed against granting the amendment. In weighing the factors in totality, the Magistrate Judge concluded that they weighed in favor of granting leave to amend. On appeal, Affiliated Associates and Gemini contest the Magistrate Judge's findings as to the first, second, and third factors.

As to the first and second factors, Affiliated Associates and Gemini argue that the Magistrate Judge was factually inaccurate in stating that Plaintiffs did not become aware of Lane Mays until

September 3, 2020. Record Document 174-1, p. 7. Instead, they contend that the facts show that Plaintiffs should have been aware of Lane Mays by December of 2019. Affiliated Associates and Gemini state that using the wrong date "materially affected the magistrate's analysis of the first and second *Hensgens* factors." *Id.* However, the Court cannot conclude that the Magistrate Judge was clearly erroneous in finding that Plaintiffs should have been aware of Lane Mays's potential liability by September 3, 2020.

Moreover, regarding the first factor, it is immaterial whether the Magistrate Judge used September 3, 2020, or December of 2019 as the date Plaintiffs should have become aware of Lane Mays's potential liability. December of 2019 was still over a year after removal and the date the state court petition was filed. Thus, Affiliated Associates and Gemini admit that Plaintiffs did not know Lane Mays's identity at the time the state court petition was filed. Additionally, Affiliated Associates and Gemini do not dispute that Plaintiffs have a valid cause of action against Lane Mays. Furthermore, at the telephone status conference on April 15, 2021, the Court specifically asked if any party is taking the position that Plaintiffs joined Lane Mays strictly to defeat diversity jurisdiction. No party expressed such view. Record Document 170, p. 3. Therefore, the Magistrate Judge was correct to conclude that the first factor weighed in favor of granting the amendment.

Concerning the second factor, Affiliated Associates and Gemini argue that the use of the wrong date made the Magistrate Judge incorrectly conclude that Plaintiffs were only "slightly dilatory" in seeking leave to amend. Record Document 174-1, p. 7 (quoting Record Document 172, p. 8). Instead, they contend that the Magistrate Judge did not give enough weight to the second factor and should have weighed it more heavily in favor of denying leave to amend. *Id.* at 7–8. However, the Court is unpersuaded that using an earlier date would materially change the Magistrate Judge's analysis. Moreover, the Court is not convinced that the Magistrate Judge was

5

clearly erroneous in her factual finding. As such, the Court finds that the Magistrate Judge appropriately weighed this factor against granting leave to amend. Nonetheless, it does not outweigh the totality of the other factors that favor amendment, as the Magistrate Judge correctly noted.

Affiliated Associates and Gemini aver that the third factor should weigh against granting the amendment. They claim that Plaintiffs would not suffer significant injury if Lane Mays was severed because BH Management is strictly liable for all vices and defects as the landlord, and as such, Plaintiffs can be afforded complete relief without Lane Mays. *Id.* at 9. In response, BH Management disputes any contention that it was the landlord or owner of the property or strictly liable for the alleged faulty work of Affiliated Associates and/or Lane Mays. Record Document 177. BH Management contends that it merely managed the St. Charles Apartments and that the civil code articles cited by Affiliated Associates and Gemini are inapplicable in the present case. *Id.* Considering this factual and legal dispute, the waste of judicial resources in maintaining two parallel lawsuits, and the risk of inconsistent results, the Court finds that the Magistrate Judge appropriately weighed this factor in favor of granting the amendment.

In weighing the factors in totality, the Court agrees with the Magistrate Judge that the first, third, and fourth *Hensgens* factors favor granting the amendment and outweigh Plaintiffs' dilatoriness in seeking leave. Thus, the Magistrate Judge correctly granted the motion and allowed Plaintiffs to add Lane Mays as a non-diverse Defendant. Accordingly, the Magistrate Judge's order is **AFFIRMED**.

### II. Motion to Remand

Considering the Court's resolution of the appeal of the Magistrate Judge's order, the addition of Lane Mays as a Defendant has destroyed complete diversity. As such, the Court now

lacks subject matter jurisdiction over this matter. Therefore, this matter is hereby **REMANDED** to the 26th Judicial District Court in Bossier Parish, Louisiana, where it was pending as suit number C-156477.

## **CONCLUSION**

Based on the foregoing reasons, **IT IS ORDERED** that the Magistrate Judge's order [Record Document 174] is **AFFIRMED**.

In light of this decision and the resulting destruction of diversity jurisdiction, **IT IS FURTHER ORDERED** that Plaintiffs' motion to remand [Record Document 161] is **GRANTED**. This case is hereby **REMANDED** to the 26th Judicial District Court in Bossier Parish, Louisiana, where it was pending as suit number C-156477.

**THUS DONE AND SIGNED** this 15th day of June, 2021.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE